UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 3:06-0175 |
| SUSAN ANN SPERL, et al., | ) ) | Judge Echols/Bryant |
| Defendants. | ) | |

To: The Honorable Robert L. Echols, Senior Judge

REPORT AND RECOMMENDATION

Introduction

This action was transferred to the docket of the undersigned by order entered August 21, 2006. (Docket Entry No. 19). Currently pending is Defendant's motion to dismiss. (Docket Entry No. 52). For the reasons stated below, the undersigned RECOMMENDS that the Defendant's motion be DENIED.

The government seeks to enjoin permanently Defendant Thompson from working as a federal income tax preparer, citing 26 U.S.C. §§ 7402(a), 7407, and 7408 of the Internal Revenue Code, which authorize such a sanction in response to violations of other substantive code provisions. (Docket Entry No. 1). Among other counts the Government alleges violations of 26 U.S.C. §§ 6694 and 6700, which respectively prohibit (1) submitting returns that understate liability based on a position with no realistic possibility of being sustained, and (2) participating in the sale of an abusive tax shelter or other plan or entity, and in connection with that sale, making a statement respecting the allowability of a deduction with reason to know it is false or

1

fraudulent. *Id*.

Defendant Randall E. Thompson filed an answer to the complaint. (Docket Entry No. 14). In his answer, other than admitting to working at Susan Tax from February 2004 to October 2005, Defendant largely denies or pleads insufficient information to Plaintiff's allegations. *Id*. Defendant has also filed a motion to dismiss in which he asserts as grounds for dismissal his denial of the Government's allegations, his exit from Susan Tax four months before the suit for injunction was filed, the brevity of his employment at Susan Tax, his lack of current customers, and his new trade as an electrician. (Docket Entry No. 52). The Government has filed a response in opposition to Defendant's motion to dismiss, treating it as a motion for summary judgment because of the grounds asserted for dismissal. (Docket Entry No. 55).

## Standard of Review

If, on a motion to dismiss challenging the legal sufficiency of a pleading under Fed.R.Civ.P. 12, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment. Fed.R.Civ.P. 12(b),(c); Max Arnold & Sons, LLC. v. W.L. Hailey & Co., Inc., 452 F.3d 494, 503 (6th Cir. 2006).

In his motion to dismiss, Defendant has placed additional facts outside the pleadings before the court. Although Defendant makes reference to the end of his employment with Susan Tax in his Answer, and states that he no longer works at any tax preparation company, (Docket Entry No. 14 at 1-4), he now raises the fact that he has moved on to become an electrician by trade. (Docket Entry No. 52). Although the Plaintiff makes reference to Defendant Thompson's time of employment at Susan Tax, (Docket Entry No. 1), the additional information cannot be considered cumulative to Plaintiff's complaint. Here, as Plaintiff has identified the additional

2

information and taken the opportunity to respond, (Docket Entry No. 55), the undersigned will consider the additional information and treat the motion to dismiss as a motion for summary judgment, applying the appropriate standard under Rule 56.

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). The movant must first meet the burden of showing the absence of a genuine issue of material fact regarding an essential element of the nonmovant's case, as determined by the law governing the nonmovant's cause. Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989) (citing Celotex Corp. v. Catrett, U.S. 477 317, 323-25 (1986) and Anderson v. Liberty Lobby, 447 U.S. 242, 248 (1986)). The nonmovant must then present affirmative evidence beyond the mere allegations or denials of its pleadings showing that a triable issue exists. *Liberty Lobby*, 477 U.S. at 256-57. All facts and inferences must be viewed in the light most favorable to the nonmovant. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## Analysis

In considering injunctive relief under § 7408 of the Internal Revenue Code., the Sixth Circuit has applied a six-factor test considering (1) the gravity of harm caused by the offense, (2) the extent of defendant's participation, (3) the defendant's degree of scienter, (4) the recurrent nature of the infraction, (5) defendant's recognition of his culpability, (6) and the likelihood that the defendant's occupation will place him in a position where future violations could be anticipated. U.S. v. Gleason, 432 F.3d 678, 683 (6th Cir. 2005).

Defendant's motion seems to rely on his denial of Plaintiff's allegations and his exit from

3

Susan Tax as grounds for dismissal of the complaint. In his answer, other than admitting to working at Susan Tax from February of 2004 to October of 2005, Defendant denies or pleads insufficient information to Plaintiff's allegations under I.R.C. §§ 6694 and 6700. (Docket Entry No. 14). In his motion, Defendant contends that his termination of employment at Susan Tax renders the action for injunction inappropriate. (Docket Entry No. 52). In addition, he contends that he is now an electrician by trade and therefore will not be in a position to commit future violations. *Id*. Defendant's denials and new occupation address some of the factors identified by the *Gleason* court, but fall short of showing that there is no genuine issue of material fact.

In addition, Plaintiff in its response has identified specific disputed facts, beyond the pleadings themselves, showing a genuine issue for trial. Specifically, disputing Defendant's denial that he has neither understated tax liabilities nor made statements respecting the allowability of deductions with reason to know they were false or fraudulent, Plaintiff points to customer declarations that Defendant Thompson prepared returns overstating business expenses. (Docket Entry No. 55 at 3) (citing Docket Entry No. 4 at ¶¶ 34, 37, Exs. M, N).

Plaintiff also disputes Defendant's full retirement from tax preparation, pending discovery. *Id*. at 4. Under Rule 56(f) summary judgment is inappropriate when the party opposing the motion "cannot for reasons stated present by affidavit facts essential to justify the party's opposition." Fed.R.Civ.P. 56(f). The nonmoving party should include a description of the information and a demonstration of how discovery will permit it to rebut the argument for summary judgment. Cunningham v. Osram Sylvania, Inc., 2007 WL 870389, at *3 (6th Cir. Mar. 23 2007) (citing Abercrombie & Fitch Stores, Inc. v. American Eagle Outfitters, Inc., 280 F.3d 619, 627 (6th Cir. 2002). Plaintiff has identified the information needed to confirm or

4

contradict Defendant's claimed retirement as Defendant's customer records, requested in discovery and subject to under Rule 26(a)(1) mandatory discovery rules. (Docket Entry No. 55 at 4). According to this record, Defendant Thompson has so far failed to produce these records.

In sum, despite Defendant's denial of allegations and reported career change, the declarations of Defendant Thompson's customers raise genuine issues of material fact and preclude summary judgment.

## Recommendation

Accordingly, the undersigned RECOMMENDS that Defendant's motion to dismiss be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed against this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days from receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

Entered this 22nd day of June, 2007.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge
