# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SUSAN ANN SPERL, aka SUSAN )<br>ANN BOYER; RANDALL E. )<br>THOMPSON; and SUSANTAX, INC., )<br>)<br>Defendants. ) | Case No. 3:06-0175<br>Judge Echols |

## ORDER

This is a civil action brought by the United States seeking a permanent injunction against the Defendants Susan Ann Sperl ("Sperl"), her son, Randall E. Thompson ("Thompson") and Susantax, Inc. under the Internal Revenue Code. On June 30, 2008, this Court entered an Order (Docket Entry No. 112) which granted Plaintiff's Motion for Summary Judgment and Permanent Injunction (Docket Entry No. 70) insofar as Plaintiff sought an injunction against Defendants during the pendency of a criminal case which had been brought against Defendant Sperl, but denied the Motion insofar as Plaintiff sought a final judgment and permanent injunction. The case was administratively closed, subject to Plaintiff's right to file a Motion to Reopen the case within fifteen days of the date of completion of the criminal trial against Defendant Sperl.

After the jury in the criminal case (<u>United States v. Sperl, et al.</u>, 3:07-CR-00078) returned guilty verdicts against Sperl on several of the counts against her and after Sperl entered an <u>Alford</u> plea with respect to the remaining counts, Plaintiff moved to reopen the case (Docket Entry No. 116). That request was denied (Docket Entry No. 117) because Sperl had yet to be sentenced.

1

Sperl has now been sentenced and a judgment has been entered in the criminal case. Plaintiff has filed another "Motion to Reopen Case" (Docket Entry No. 119). Sperl objects because she has appealed her convictions in the criminal case (Docket Entry No. 120) and claims her Fifth Amendment privilege against self-incrimination could be violated if she is required to participate in these civil proceedings while her appeal is pending.

This Court in its earlier Order denying Plaintiff's first request to reopen indicated that it would consider reopening this action after "entry of the Judgment and Commitment Order in the criminal case." (Docket Entry No. 117 at 2). "The better rule, however, appears to be that the Fifth Amendment right not to testify concerning transactions for which one has been convicted continues until the time for appeal has expired or until the conviction has been affirmed on appeal." United States v. Duchi, 944 F.2d 391, 394 (8th Cir. 1991)(collecting cases).

Accordingly, Plaintiff's "Motion to Reopen Case" (Docket Entry No. 119) is hereby DENIED and Sperl's "Motion to Keep Case Closed" (Docket Entry No. 120) is hereby GRANTED. However, within thirty days of the final disposition of Sperl's direct appeal of her criminal conviction in case number 3:07-CR-00078, Plaintiff may file a Motion to Reopen this case to reconsider the remaining issues to be resolved.

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

2

Case 3:06-cv-00175   Document 121   Filed 07/30/10   Page 2 of 2 PageID #: 1517