```
            UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF TENNESSEE
                  NASHVILLE DIVISION
```

UNITED STATES OF AMERICA,          )
                                   )
    Plaintiff,                     )
                                   )
           v.                     )    NO.  3:06-0175
                                   )    Judge Trauger/Bryant
SUSAN ANN SPERL, et al.,           )
                                   )
    Defendants.                    )

TO: The Honorable Aleta A. Trauger

## REPORT AND RECOMMENDATION

The United States has filed its renewed motion for summary judgment (Docket Entry No. 133), by which it seeks a permanent injunction against defendants Sperl and Thompson prohibiting them from engaging in a number of activities related to income tax return preparation. Defendant Sperl, who is proceeding pro se, has filed a response (Docket Entry No. 150) in which she states, in part, that she "does not disagree or challenge the request made by the United States." Defendant Thompson, who also is proceeding pro se, has filed no response.

For the reasons stated below in this report and recommendation, the undersigned Magistrate Judge recommends that the Government's motion be granted and that the permanent injunction requested be issued.

## History of Proceedings

The United States filed this civil action in March 2006 seeking a permanent injunction against defendants Sperl, Thompson and Susanstax, Inc. based upon allegations that defendants Sperl

and Thompson had prepared fraudulent federal income tax returns for numerous clients which claimed fraudulent tax deductions and materially understated tax obligations of the taxpayers. Defendants Sperl and Thompson filed answers denying liability. Defendant Susanstax, Inc., an entity wholly owned and controlled by defendant Sperl, failed to appear in the action or respond to the complaint, and default was entered against that defendant by the Clerk.

Following discovery, the Government filed its motion for summary judgment (Docket Entry No. 70) seeking a permanent injunction against defendants Sperl and Thompson and a default judgment and permanent injunction against defendant Susanstax, Inc. Upon referral by the District Judge, the undersigned Magistrate Judge filed a report and recommendation (Docket Entry No. 87) recommending that the Government's motion for summary judgment be granted and that the injunctions requested by the Government be issued. After further filings by the parties and an evidentiary hearing conducted by the District Judge, the Court granted in part and denied in part the Government's motion for summary judgment and issued a temporary injunction against defendants Sperl and Thompson during the pendency of a related criminal case against defendant Sperl. The Court denied the Government's motion for a final judgment and permanent injunction without prejudice to renewing such motion following conclusion of defendant Sperl's criminal case

(Docket Entry Nos. 111 and 112).[1]  The Court then closed the case administratively until completion of the criminal action against defendant Sperl. (Id.)

In early March 2012, after the Sixth Circuit had affirmed defendant Sperl's criminal conviction, the Government filed its motion to reopen this case (Docket Entry No. 126).  That motion was granted (Docket Entry No. 129).  Soon thereafter, the Government filed its second motion for summary judgment (Docket Entry No. 133), which is the subject of this report and recommendation.

### Standard of Review

A party may obtain summary judgment by showing "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law.  See Fed.R.Civ.P. 56(a); Covington v. Knox County School Sys., 205 F.3d 912, 914 (6th Cir. 2000).  The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met.  See Martin v. Kelley, 803 F.2d 236, 239 n.4 (6th Cir. 1986).  The ultimate question to be addressed is whether there exists any genuine dispute of material fact.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Covington, 205 F.3d at 914 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)).  If so, summary judgment is inappropriate.

---

[1] The court granted judgment by default and entered a permanent injunction against defendant Susantax, Inc (Docket Entry No. 112).

3

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the party does not so respond, summary judgment will be entered if appropriate. Fed.R.Civ.P. 56(e). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the moving party shows an absence of evidence to support the nonmoving party's case. Celotex, 477 U.S. at 325. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## Analysis

As noted above, neither defendant Sperl nor defendant Thompson has filed a substantive response in opposition to the Government's renewed motion for summary judgment. Nevertheless, a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged his burden. Carver v. Bunch, 946 F.2d 451, 455 (6th Cir. 1991).

4

The Government by its motion seeks entry of summary judgment and a permanent injunction prohibiting defendants Sperl and Thompson from (1) acting as tax return preparers, (2) representing anyone before the Internal Revenue Service, (3) organizing or selling Susanstax Membership Program (or any similar program), and (4) engaging in any conduct subject to penalty under the Internal Revenue Code or any conduct which interferes with the enforcement of the Internal Revenue laws. The Government argues that the undisputed facts in this case support the issuance of the requested permanent injunction pursuant to 28 U.S.C. §§ 7407, 7408 and 7402.

The undersigned Magistrate Judge has previously summarized the pertinent facts of this case and has analyzed the applicable law in the report and recommendation filed March 4, 2008 (Docket Entry No. 87). Thereafter, the District Judge in his memorandum of June 30, 2008 (Docket Entry No. 111), further addressed the undisputed facts and law pertinent to the Government's motion. The district court determined that the Government had presented sufficient evidence to warrant the issuance of a preliminary injunction prohibiting the offensive acts alleged in its motion, but, in an exercise of its discretion, the district court found that final judgment and a decision on the requested issuance of a permanent injunction should be deferred until after the conclusion of the related criminal case then

5

pending against defendant Sperl (Docket Entry No. 111 at 10). The district court further found upon the evidentiary record that defendants Sperl and Thompson, acting through Susanstax, Inc. and other related entities, had continually and repeatedly engaged in conduct in violation of 26 U.S.C. §§ 6694 and 6701, and, therefore, that injunctive relief was appropriate under 28 U.S.C. §§ 7407, 7408 and 7402(a). (Id. at 13-15).

Since the district court's June 30, 2008, memorandum, defendant Sperl has been found guilty of one count of conspiracy to commit tax fraud, one count of aiding or assisting in the preparation of a false tax return, and five counts of conspiracy to commit tax fraud, filing a false tax return, and aiding or assisting in the preparation of a false tax return (Docket Entry No. 135-5). Defendant Sperl's conviction was affirmed in its entirety on February 6, 2012 (Docket Entry No. 135-6).

For the reasons stated in the report and recommendation of March 4, 2008 (Docket Entry No. 87), and the additional undisputed fact of defendant Sperl's conviction on numerous counts relating to tax fraud, the undersigned Magistrate Judge finds that there is no genuine dispute as to any material fact, that the Government is entitled to permanent injunctive relief against defendants Sperl and Thompson as a matter of law, and that its renewed motion for summary judgment should be GRANTED.

**RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge RECOMMENDS that the Government's renewed motion for summary judgment be GRANTED and that a permanent injunction issue prohibiting defendants Sperl and Thompson, and anyone else in active concert or participation with them, from (1) preparing federal tax returns, (2) representing others before the Internal Revenue Service or in the United States Tax Court, (3) promoting the Susanstax Membership Program or any similar program by statements regarding taxes that they know or have reason to know to be misleading or false, and (4) engaging in conduct subject to penalty under the Internal Revenue Code or other conduct that substantially interferes with the administration or enforcement of the Internal Revenue laws.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.

<u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'g</u> <u>denied</u>, 474 U.S. 1111 (1986).

**ENTERED** this 8th day of January 2013.

<u>s/ John S. Bryant</u>
JOHN S. BRYANT
United States Magistrate Judge