IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal No. 3:06-0175 |
| ) | Judge Trauger |
| SUSAN SPERL, a/k/a Susan Ann Boyer, ) | |
| a/k/a Susan Ann Matthews, a/k/a Susan Matthews ) | |
| Sperl, a/k/a Susan Ann White, a/k/a Susan Ann ) | |
| Heck, RANDALL E. THOMPSON, and ) | |
| SUSANSTAX, INC., ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

The Magistrate Judge issued a Report and Recommendation on January 8, 2013 (Docket No. 156), to which defendant Sperl has filed a Response that the court will construe as objections (Docket No. 168), which has been responded to by the plaintiff (Docket No. 172). The Report and Recommendation recommends the granting of a permanent injunction against defendants Sperl and Thompson, but not against defendant Susanstax, Inc.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a specific objection is made. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). Objections must be specific; an objection to the report in general is not sufficient and will result in waiver of further review. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Defendant Sperl purports to file objections on behalf of herself and her son, co-defendant

1

Randall E. Thompson. However, Sperl is not a lawyer, and she is not entitled to represent her son in this litigation. Her son, Randall E. Thompson, moreover, has not signed the objections. Therefore, the court interprets the objections to be filed only on behalf of defendant Sperl.

The documents attached to the defendant's objections are not authenticated and do not constitute evidence that the court can consider at this time in this litigation. Perhaps defendant Sperl's arguments would have been relevant, in some way, in her criminal case, but they are not relevant to this litigation. Sperl had every opportunity to present evidence in the evidentiary hearing held before Judge Echols in June of 2008, a hearing at which Sperl had legal representation and testified on her own behalf. Based upon all of the evidence before Judge Echols at that time, Judge Echols issued a preliminary injunction against defendants Sperl and Thompson, but denied the government's request for a permanent injunction because the criminal case against Sperl was still pending. Following the affirmance of Sperl's criminal conviction by the Sixth Circuit Court of Appeals in February of 2012, the government successfully moved to reopen the case (Docket No. 129) and then promptly filed its Second Motion For Summary Judgment (Docket No. 133), seeking to make permanent the injunction issued in 2008 by Judge Echols. In response to the government's Second Motion For Summary Judgment, defendant Sperl filed a "Reply," stating that she "does not disagree or challenge the request made by the United States" [in its Second Motion For Summary Judgment]. (Docket No. 150 at 1) Defendant Thompson did not respond to the Second Motion For Summary Judgment.

On January 8, 2013, the Magistrate Judge issued a Report and Recommendation, recommending that the preliminary injunction be made permanent (Docket No. 156). Inexplicably, at this point, defendant Sperl resists making the injunction permanent. Nothing in the documents she has filed nor in her objection document counters the factual findings made by

Judge Echols in his Memorandum and Opinion issued June 30, 2008 (Docket No. 111), which incorporated certain findings made by the Magistrate Judge in a Report and Recommendation issued March 4, 2008 (Docket No. 87). Those findings have now been reinforced by the criminal conviction of defendant Sperl.

For the reasons expressed herein, the objections of defendant Sperl are **OVERRULED**, and the Report and Recommendation (Docket No. 156) is **ACCEPTED** and made the findings of fact and conclusions of law of this court. For the reasons expressed therein, herein and in previous rulings in this litigation, it is hereby **ORDERED** that a **PERMANENT INJUNCTION** hereby issues, prohibiting defendants Sperl and Thompson, and anyone else in active concert or participation with them, from (1) preparing federal tax returns, (2) representing others before the Internal Revenue Service or in the United States Tax Court, (3) promoting the Susanstax Membership Program or any similar program by statements regarding taxes that they know or have reasons to know to be misleading or false, and (4) engaging in conduct subject to penalty under the Internal Revenue Code or other conduct that substantially interferes with the administration or enforcement of the Internal Revenue laws.

This Order constitutes the final judgment in this action.

It is so **ORDERED**.

ENTER this 22nd day of March 2013.

 _____
 ALETA A. TRAUGER
 U.S. District Judge